IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JIMMY L. STEWARD | * |
| Plaintiff, | * |
| v. | *   Case No. |
| BUC-EE'S, LTD d/b/a BUC-EE'S and some other Entity and Fictitious Defendants | * |
| Defendants | * |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 Defendant Buc-ee's Alabama, LLC (incorrectly designated in the complaint as Buc-ee's, Ltd. d/b/a Buc-ee's) ("Buc-ee's) hereby removes this action from the Circuit Court of Baldwin County, Alabama, to the United States District Court for the Southern District of Alabama, Southern Division.  In support of this notice, Buc-ee's state as follows:

**I.     THIS NOTICE OF REMOVAL IS TIMELY AND PROPERLY FILED.**

1.    This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of causes.

2.    Plaintiff Jimmy L. Steward ("Steward") instituted this civil action in the Circuit Court of Baldwin County, Alabama on October 19, 2020.  True and correct

{MB400610.1}

copies of all process, pleadings, and orders served on Buc-ee's are attached hereto as Exhibit A.

3. The summons and complaint was served on Buc-ee's on October 22, 2020.

4. Because this notice of removal is filed within thirty (30) days of receipt by Buc-ee's delivery of Steward's summons and complaint in this action, by service or otherwise, it is timely under 28 U.S.C 1446(b).

5. This Court has diversity jurisdiction over this dispute pursuant to 28 U.S.C. § 1332. Complete diversity of citizenship exists between all parties in interest, and the amount in controversy exceeds the jurisdictional amount of $75,000. Removal of this action is therefore proper pursuant to 28 U.S.C. §§ 1332 and 1441.

## II. COMPLETE DIVERSITY OF CITIZENSHIP EXISTS.

6. Steward is, as stated in his complaint, an adult resident citizen of the State of Alabama. *See* Compl. at p. 2, ¶ 1.

7. Buc-ee's is a Delaware corporation with its principal place of business in Texas. It is therefore a citizen of Texas for purposes of diversity jurisdiction.

## III. THE AMOUNT IN CONTROVERSY REQUIREMENT HAS BEEN MET.

8. Steward seeks damages for, among other things, negligence, recklessness and wantonness, premise liability, and negligent, reckless and wanton supervision

and training. (*See* Complaint). Steward is alleged to have suffered severe injuries and enormous damages due to the incident to wit:

(1) Cracked skull, bleeding on the brain, multiple and daily seizures with permanent and traumatic brain injury;

(2) Injuries to his body to include but not limited to his head, neck and back;

(3) He was caused and will be caused in the future to expend sums of money for doctors, hospital and drugs and other medical expenses present and future;

(4) Present and future physical pain and suffering;

(5) Present and future mental anguish;

(6) Past, present and future loss of wages, loss of income, and loss of earning capacity;

*See* Complaint. Steward seeks both compensatory and punitive damages. *See* Compl. Accordingly, the $75,000 jurisdictional threshold is satisfied. 28 U.S.C. § 1332. *See also Jackson v. Ill Central R.R. Co*. 2018 U.S. Dist. Lexis 13160 (S.D. Ala. January 25, 2018) recommendation adopted 2018 U.S. Dist. Lexis 27225 (February 21, 2018). (Court held that it was "facially apparent" from the complaint that the damages exceeded $75,000.00 where the complaint alleged "severe traumatic brain injury"). *Co. Prop. & Cas. Ins. Co. v. Metal Roofing Sys.*, 2013 U.S. Dist. Lexis 152870 (S.D. Fla. 2013) (where complaint alleged traumatic brain injury, it was readily apparent that the jurisdictional amount was met). *See also Roe v. Michelin North America, Inc.,* 613 F. 3d 1058 (11th Cir. 2010) (held the Court could

{MB400610.1}

determine from the face of the complaint, that more than $75,000.00 was at issue).

## IV. THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED.

9. As set forth previously, this notice of removal is filed within thirty days of the receipt by Buc-ee's of the summons and complaint in this action; therefore, this Notice is timely under 28 U.S.C. § 1446(b).

10. A copy of the notice of filing this notice of removal that will be filed with the Circuit Court of Baldwin County, Alabama as of this date and is attached hereto as Exhibit B.

11. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

12. If any question arises as to the propriety of the removal of this action, Buc-ee's requests the opportunity to conduct post removal discovery concerning diversity jurisdiction and the amount in controversy, and to present a brief and/or argument in support of its position that this case is removable. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F. 3d 744, 772-74 (11th Cir. 2010).

**WHEREFORE**, Buc-ee's does hereby notice the removal of this action to the United States District Court for the Southern District of Alabama, Southern Division, being the district and division of the court for the county in which the action is pending, from the Circuit Court of Baldwin County, Alabama.

Dated this 10th day of November, 2020.

{MB400610.1}

        Respectfully submitted,

        */s/ James Rebarchak*
        JAMES REBARCHAK
        CLAY LANHAM
        Attorneys for Defendant
        Buc-ee's Alabama, LLC

OF COUNSEL:
JONES WALKER LLP
11 N Water Street, Suite 1200
Mobile, AL 36602
(251) – 432-1414
(251) – 433-4106
jrebarchak@joneswalker.com

{MB400610.1}

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 10, 2020, I electronically filed the foregoing with the Clerk of Court, using the CM/ECF and served on the following via United States mail, first class, postage paid and/or via electronic mail:

Brian A. Traywick
Shunnarah Injury Lawyers, PC
3626 Claimont Avenue
Birmingham, AL  35222
btraywick@asilpc.com

Robert C. Epperson
P.O. Box 477
Foley, AL  36536
repperson@rcelaw.com

                                        */s/ James Rebarchak*_____
                                        JAMES REBARCHAK