| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET<br>CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Cas<br>05 |
|---|---|---|

ELECTRONICALLY FILED
10/19/2020 2:35 PM
05-CV-2020-901186.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY L. WISE, CLERK

Date of Filing:   10/19/2020       Judge Code:

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA**
**JIMMY L STEWARD v. BUC-EE'S, LTD.**

**First Plaintiff:** ☐ Business  ☑ Individual       **First Defendant:** ☑ Business  ☐ Individual
☐ Government  ☐ Other                          ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☑ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other:_____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/<br>Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING        A ☐ APPEAL FROM<br>DISTRICT COURT        O ☐ OTHER

R ☐ REMANDED        T ☐ TRANSFERRED FROM<br>OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES  ☐ NO     **Note:** Checking "Yes" does not constitute a demand for a<br>jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**      ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
TRA044          10/19/2020 2:35:33 PM          /s/ BRIAN ADAM TRAYWICK
                 Date                            Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**       ☐ YES ☑ NO  ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**  ☐ YES ☐ NO

**EXHIBIT**
**A**

ELECTRONICALLY FILED
10/19/2020 2:35 PM
05-CV-2020-901186.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY L. WISE, CLERK

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

| | | |
|---|---|---|
| JIMMY L. STEWARD, | ) | <u>**JURY TRIAL IS REQUESTED**</u> |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CASE NO.: _____** |
| | ) | |
| BUC-EE'S, LTD d/b/a BUC-EE'S, | ) | |
| ; and SOME OTHER ENTITY….. | ) | |
| and | ) | |

[FICTITIOUS DEFENDANTS: No. 1, whether singular or plural, any entity which had the duty to maintain the safe condition of the floors at the property/business in question; No. 2, any entity which had a duty to warn and failed to warn, had a duty to issue and failed to issue or issued inadequate warning or instructions, regarding the hazardous condition to Plaintiff at the property/business in question; No. 3, any entity which had a duty to inspect the area in question for hazards, hidden defects or dangerous conditions at the property/business in question; No. 4, any entity which placed, allowed or caused the hazard condition in question to manifest at the property/business in question; No. 5, whether any entity which provided general liability or premises liability or medical payment coverage to the property/business in question; No. 6, any entity which conducted safety inspections or analyses or provided consulting services pertaining to the area in question at the property/business in question; No. 7, any entity which had a duty to insure or ensure the safety and security of Plaintiff, while at the premises involved in the occurrence made the basis of this suit; No. 8, any entity which was involved to any degree in providing safety and security to Plaintiff in connection with the occurrence made the basis of Plaintiff's complaint; No. 9, any entity which controlled and/or had a duty to control the premises involved in the occurrence made the basis of this lawsuit at the time of or at any time before said occurrence which caused injury and damage to Plaintiff; No. 10, any entity which controlled or had the right to control the access or ingress and/or egress to the premises involved in the occurrence made the basis of this lawsuit at the time of said occurrence; No. 11, any entity other than those entities described above whose negligence, wantonness, willfulness, or other wrongful conduct caused or contributed to cause the occurrence made the basis of this lawsuit; No. 12, any entity which reinsured or provided excess coverage for said premises; No. 13, any entity which is the successor in interest of any of those entities described herein; No. 14, being that person, firm, partnership or corporation who contracted with any named defendant to provide training or supervision of its employees in the proper maintenance of its premises as alleged herein; No. 15, being that person, firm, partnership or corporation who owned or operated the premises causing the injuries to Plaintiff as alleged in the complaint; No. 16, being that person, firm, partnership or corporation who contracted to any named defendant to provide training or supervision to its employees in the proper maintenance of its premises as alleged herein; No. 17, being the person, firm, partnership or corporation who is a successor or predecessor in interest to any named or fictitiously identified defendant; No. 18, being the person, firm, partnership or corporation charged with the overall hiring, training and supervision of the employees or contractors who or which were charged with the duty or contracted to assume said duty of cleaning, inspecting, maintaining, and operating the section or department of the premises in question and at issue in this lawsuit and whose breach of duty caused or contributed to cause the injuries and damages to Plaintiff, as alleged in this lawsuit; Plaintiff avers that the identities of the Fictitious Party Defendants are otherwise unknown to Plaintiff at this time, or if their names are known to Plaintiff at this time, their identities as proper party Defendants are not known to Plaintiff at this time, but their true names will be substituted when ascertained],

| | |
|---|---|
| **Defendants.** | ) |

## COMPLAINT

1.      Plaintiff, Jimmy L. Seward (hereinafter referred to as "Plaintiff"), is an individual over the age of nineteen (19) years and is a resident of Baldwin County, Alabama.

2.      Defendant Buc-ee's, Ltd (hereinafter referred to singularly as "Defendant Buc-ee's," or together with Fictitious Defendants as "Defendants"), is a foreign business corporation operating in the State of Alabama.

3.      Fictitious Defendants, described above as numbers one (1) through eighteen (18), are those persons or entities whose names will be substituted upon learning their true identities.

4.      On or about the 18th day of September 2020, Plaintiff was a business invitee of Defendant Buc-ee's located at 20403 County Road 68, Robertsdale, Alabama 36567, and was there for the purpose of purchasing Barbecue sandwiches for himself and some of his family members.

5.      On this occasion, defendant negligently and/or wantonly caused, permitted, allowed, or created a dangerous condition to exist on the premises in the form of water, and/or a combination of water and an unknown substance. Defendant had actual notice and/or had constructive notice of this condition and failed to exercise reasonable care with respect to its maintenance of its premises, thereby negligently and/or wantonly failing to discover and remove this condition. Defendants controlled, owned and maintained the said premises.

6.      By failing to keep and maintain its premises free and clear of potentially hazardous conditions of which they were aware, or should have known through their inspection of the premises for said hazardous conditions, plaintiff's slip and fall was the proximate consequence of the aforedescribed negligence and/or wantonness.

7.     Defendants had actual or constructive notice and/or were delinquent in not discovering and removing the hazardous condition, and were negligent and/or wanton in allowing or affirmatively creating a hazard by allowing the hazardous condition to remain in the area in question which was in the path of invitees of the Defendant; further, the Defendant was negligent and/or wanton in creating a hazardous condition in the path of invitees and did not provide adequate warning to Plaintiff.

8.     As a proximate and direct result of Defendants' wrongful conduct as specifically set forth hereinafter, Plaintiff has been injured and damaged as follows:

a.   Plaintiff suffered injuries to various portions of plaintiff's body including but not limited to his head, neck, and back;

b.   Plaintiff was caused and will be caused in the future to expend sums of money in the nature of doctor, hospital, drug any other medical expenses in and about an effort to heal and cure said injuries;

c.   Plaintiff has experienced and continues to experience pain and suffering and is reasonably certain to experience pain and suffering in the future;

d.   Plaintiff was temporarily and potentially permanently unable to pursue usual and normal activities;

e.   Plaintiff was caused to incur aggravation and/or exacerbation to then existing conditions that Plaintiff either did or did not know of at the time of this incident;

f.   Plaintiff has experienced and continues to experience mental anguish;

g.   Plaintiff is reasonably certain to experience mental anguish in the future;

h.   Plaintiff was caused to incur out-of-pocket medical expenses; and

i.   Plaintiff was caused to suffer both past and future lost wages, loss of income, loss of earning capacity and lost employment benefits;

j.   Plaintiff was caused to suffer a cracked skull, bleeding on the brain, multiple and daily seizures with permanent and traumatic brain injury.

## COUNT I - NEGLIGENCE

9.      Plaintiff hereby re-alleges and re-avers all of the allegations contained in the preceding paragraphs of this Complaint the same as if here again set out in both letter and number.

10.     On or about the 18th day of September 2020, Plaintiff was an invitee of Defendant Buc-ee's located at 20403 County Road 68, Robertsdale, Alabama 36567, when Plaintiff suffered a fall due to water on the floor.

11.     Defendants negligently caused or allowed Plaintiff to be injured on their premises as they failed to keep and maintain its premises to be free and clear of potentially hazardous conditions. Defendants had actual or constructive notice and/or were delinquent in not discovering and removing the hazardous condition, and were negligent and/or wanton in affirmatively creating a hazard or not warning their invitees of said hazardous condition that was situated in a dangerous area and/or location inasmuch as it was located in an area that was regularly traveled by invitees. Further, Defendant(s) were negligent in failing to warn Plaintiff of this dangerous condition that existed on their premises that was a hazard to their invitees.

12.     As a proximate and direct result of Defendants' wrongful conduct as specifically set forth hereinafter, Plaintiff has been injured and damaged as follows:

a.   Plaintiff suffered injuries to various portions of plaintiff's body including but not limited to his head, neck, and back;

b.   Plaintiff was caused and will be caused in the future to expend sums of money in the nature of doctor, hospital, drug any other medical expenses in and about an effort to heal and cure said injuries;

c.   Plaintiff has experienced and continues to experience pain and suffering and is reasonably certain to experience pain and suffering in the future;

d.   Plaintiff was temporarily and potentially permanently unable to pursue usual and normal activities;

e.   Plaintiff was caused to incur aggravation and/or exacerbation to then existing conditions that Plaintiff either did or did not know of at the time of this incident;

f.   Plaintiff has experienced and continues to experience mental anguish;

g.   Plaintiff is reasonably certain to experience mental anguish in the future;

h.   Plaintiff was caused to incur out-of-pocket medical expenses; and

i.   Plaintiff was caused to suffer both past and future lost wages, loss of income, loss of earning capacity and lost employment benefits;

j.   Plaintiff was caused to suffer a permanent traumatic brain injury.

WHEREFORE, premises considered, Plaintiff respectfully demands judgment against Defendants, jointly and severally, for compensatory and punitive damages, in an amount, including interest and the costs of this action, which Plaintiff seeks to recover, to be assessed by the trier of fact for all claims under this lawsuit.

## COUNT II – RECKLESSNESS AND WANTONNESS

13.   Plaintiff hereby re-alleges and re-avers all of the allegations contained in the preceding paragraphs of this Complaint the same as if here again set out in both letter and number.

14.     On or about the 18th day of September 2020, Plaintiff was an invitee of Defendant Buc-ee's located at 20403 County Road 68, Robertsdale, Alabama 36567, when Plaintiff suffered a fall due to water on the floor.

15.     Defendants recklessly and/or wantonly caused or allowed Plaintiff to be injured at their establishment by failing to keep and maintain its premises in a manner to be free and clear of potentially hazardous conditions and to warn its invitees of the aforementioned conditions. Defendants had actual or constructive notice and/or were delinquent in not discovering and removing the hazardous condition and were wanton in creating a hazard of a liquid material on the floor in the path of invitees of the store and were wanton in affirmatively creating a hazard of allowing a clear liquid to be placed or allowed to remain on a route regularly used by its invitees in a location that would likely lead to harm to its invitees due to the location of the hazard.

16.     Defendants recklessly and/or wantonly caused or allowed the hazard at issue in this lawsuit to be placed or to remain in a regularly used area of travel in a location that was dangerous and likely to cause injury to its invitees, and did cause injury to Plaintiff.

17.     As a proximate and direct result of Defendants' wrongful conduct as specifically set forth hereinafter, Plaintiff has been injured and damaged as follows:

   a.   Plaintiff suffered injuries to various portions of plaintiff's body including but not limited to his head, neck, and back;

   b.   Plaintiff was caused and will be caused in the future to expend sums of money in the nature of doctor, hospital, drug any other medical expenses in and about an effort to heal and cure said injuries;

   c.   Plaintiff has experienced and continues to experience pain and suffering and is reasonably certain to experience pain and suffering in the future;

d.  Plaintiff was temporarily and potentially permanently unable to pursue usual and normal activities;

e.  Plaintiff was caused to incur aggravation and/or exacerbation to then existing conditions that Plaintiff either did or did not know of at the time of this incident;

f.  Plaintiff has experienced and continues to experience mental anguish;

g.  Plaintiff is reasonably certain to experience mental anguish in the future;

h.  Plaintiff was caused to incur out-of-pocket medical expenses; and

i.  Plaintiff was caused to suffer both past and future lost wages, loss of income, loss of earning capacity and lost employment benefits;

j.  Plaintiff was caused to suffer a permanent traumatic brain injury.

WHEREFORE, premises considered, Plaintiff respectfully demands judgment against Defendants, jointly and severally, for compensatory and punitive damages, in an amount, including interest and the costs of this action, which Plaintiff seeks to recover, to be assessed by the trier of fact for all claims under this lawsuit.

## COUNT III – PREMISES LIABILITY

18.  Plaintiff hereby re-alleges and re-avers all of the allegations contained in the preceding paragraphs of this Complaint the same as if here again set out in both letter and number.

19.  On or about the 18th day of September 2020, Plaintiff was an invitee of Defendant Buc-ee's located at 20403 County Road 68, Robertsdale, Alabama 36567, when Plaintiff suffered a fall due to water on the floor.

20.  Defendants negligently, recklessly and/or wantonly caused or allowed a hazard to remain in an area that was used by its invitees.

21.    At the aforesaid time and place, Defendants were the owners or lessees of the property and as such had a duty and responsibility to provide Plaintiff a safe place as an invitee. Further, if any defects in their owned or leased premises existed, Defendants had the duty to warn its invitees of hazards of which it knew or should have known that were not easily discoverable by the invitees.  Said Defendants negligently, wantonly, recklessly and/or willfully breached these duties by failing to provide Plaintiff with a safe place as in invitee and by failing to warn the Plaintiff of the hazard and/or defect which were encountered which was known to Defendant or which Defendant negligently failed to detect in their use, operation and maintenance of and upon the premises. Said negligent, wanton, reckless and/or willful conduct was a proximate cause of Plaintiff's injuries and damages.

22.    Defendants were owners or lessees of the property at issue and, as such, said defendants had the right to and did control the conditions, methods and manner in which the premises was inspected, maintained and configured. Defendants also controlled the inspecting and maintaining of said invitee areas and Defendants are also responsible for establishing patterns and routes for its invitees to walk and/or travel around and about the premises at the time and place of the occurrence made the basis of Plaintiff's complaint. Defendants negligently and/or wantonly caused or allowed Plaintiff to be injured as a result of the breach of the duties that the aforementioned Defendants owed to Plaintiff in causing or allowing the premises upon which Plaintiff was injured to be unreasonably hazardous or by ignoring the present hazard or creating the hazard by their process of organizing, cleaning, polishing, etc.  Said Defendants negligently, wantonly, recklessly and/or willfully failed to properly control the conditions, methods and manner in which the floor was maintained and presented to the invitees for their use in ambulating and/or

traveling about the store as invitees moved about the premises and said negligent, wanton, reckless and/or willful conduct was a proximate cause of Plaintiff's injuries and damages.

23.     Plaintiff avers that Defendants negligently, wantonly, recklessly, purposely, intentionally, willfully or by design caused injury to Plaintiff.  Defendants negligently, wantonly, recklessly and/or willfully caused or allowed the hazardous condition to remain in a foreseeably traveled area in a main travel area and failed to remedy the hazardous situation and/or address the unreasonably dangerous area, and said Defendants had actual knowledge of the hazardous condition or said hazardous condition had existed for such an unreasonable length of time so as to create a presumption of knowledge of such hazardous area on the part of said Defendants.

24.     At the aforesaid time and place, Defendants did negligently, wantonly, and/or willfully cause or negligently, wantonly and/or willfully allow Plaintiff to be injured.

25.     Defendants negligently, wantonly and/or willfully failed to warn Plaintiff of the dangers associated with the potentially hazardous area for the purpose of eliminating the possibility of said Plaintiff being injured, and said negligent, wanton and/or willful conduct was a proximate cause of Plaintiff's injuries as described herein.

26.     Plaintiff alleges that the injuries and damages were caused as a proximate consequence of the negligent, willful and/or wanton conduct and other wrongful conduct of Defendants.

27.     The aforesaid wrongful, negligent, willful and/or wanton conduct of each of the above-described Defendants combined and concurred, and as a proximate cause thereof, Plaintiff was caused to be severely injured.

28.     As a proximate and direct result of Defendants' wrongful conduct as specifically set forth hereinafter, Plaintiff has been injured and damaged as follows:

a. Plaintiff suffered injuries to various portions of plaintiff's body including but not limited to his head, neck, and back;

b. Plaintiff was caused and will be caused in the future to expend sums of money in the nature of doctor, hospital, drug any other medical expenses in and about an effort to heal and cure said injuries;

c. Plaintiff has experienced and continues to experience pain and suffering and is reasonably certain to experience pain and suffering in the future;

d. Plaintiff was temporarily and potentially permanently unable to pursue usual and normal activities;

e. Plaintiff was caused to incur aggravation and/or exacerbation to then existing conditions that Plaintiff either did or did not know of at the time of this incident;

f. Plaintiff has experienced and continues to experience mental anguish;

g. Plaintiff is reasonably certain to experience mental anguish in the future;

h. Plaintiff was caused to incur out-of-pocket medical expenses; and

i. Plaintiff was caused to suffer both past and future lost wages, loss of income, loss of earning capacity and lost employment benefits;

j. Plaintiff was caused to suffer a permanent traumatic brain injury.

WHEREFORE, premises considered, Plaintiff respectfully demands judgment against Defendants, jointly and severally, for compensatory and punitive damages, in an amount, including interest and the costs of this action, which Plaintiff seeks to recover, to be assessed by the trier of fact for all claims under this lawsuit.

### COUNT IV – NEGLIGENT, RECKLESS, AND WANTON SUPERVISION AND TRAINING

29.     Plaintiff hereby re-alleges and re-avers all of the allegations contained in the preceding paragraphs of this Complaint the same as if here again set out in both letter and number.

30.     On or about the 18th day of September 2020, Plaintiff was an invitee of Defendant Buc-ee's located at 20403 County Road 68, Robertsdale, Alabama 36567, when Plaintiff suffered a fall due to water on the floor.

31.     Defendants were under an obligation and duty to train and supervise their employees to properly inspect the foreseeably accessible areas for their invitees so that there are no dangerous conditions which were not readily discoverable to their invitees.

32.     Defendants negligently, wantonly, and recklessly failed to properly train employees to inspect and to keep the property and/or premises free and clear of dangerous conditions. Defendants' failure to properly train its employees directly resulted in Plaintiff's injuries as described herein.

33.     As a proximate and direct result of Defendants' wrongful conduct as specifically set forth hereinafter, Plaintiff has been injured and damaged as follows:

a.  Plaintiff suffered injuries to various portions of plaintiff's body including but not limited to his head, neck, and back;

b.  Plaintiff was caused and will be caused in the future to expend sums of money in the nature of doctor, hospital, drug any other medical expenses in and about an effort to heal and cure said injuries;

c.  Plaintiff has experienced and continues to experience pain and suffering and is reasonably certain to experience pain and suffering in the future;

d.  Plaintiff was temporarily and potentially permanently unable to pursue usual and normal activities;

e.   Plaintiff was caused to incur aggravation and/or exacerbation to then existing conditions that Plaintiff either did or did not know of at the time of this incident;

f.   Plaintiff has experienced and continues to experience mental anguish;

g.   Plaintiff is reasonably certain to experience mental anguish in the future;

h.   Plaintiff was caused to incur out-of-pocket medical expenses; and

i.   Plaintiff was caused to suffer both past and future lost wages, loss of income, loss of earning capacity and lost employment benefits;

j.   Plaintiff was caused to suffer a permanent traumatic brain injury.


WHEREFORE, premises considered, Plaintiff respectfully demands judgment against Defendants, jointly and severally, for compensatory and punitive damages, in an amount, including interest and the costs of this action, which Plaintiff seeks to recover, to be assessed by the trier of fact for all claims under this lawsuit.

Respectfully Submitted,

/s/ Brian A. Traywick
**Brian A. Traywick
(TRA044)**

_____

**OF COUNSEL:**
SHUNNARAH INJURY LAWYERS, P.C.
3626 Clairmont Avenue
Birmingham, AL 35222
(205) 203-4056
(205) 203-4057- Facsimile

Respectfully Submitted,

/s/ Robert C. Epperson
**Robert C. Epperson
(EPP002)**

**OF COUNSEL:**
Robert C. Epperson
Attorney at Law
P O Box 477
Foley, Alabama 36536
251-943-8870 (office)
repperson@rcelaw.com


Plaintiff's Address:
Jimmy L. Steward
c/o Brian A. Traywick
Shunnarah Injury Lawyers, P.C.
3626 Clairmont Avenue
Birmingham, AL 35222


## NOTICE OF SERVICE

**Defendant shall be served with this Complaint and Discovery Requests by certified mail at the location below:**

Buc-ee's, Ltd
c/o C T Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

| | | |
|---|---|---|
| **JIMMY L. STEWARD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.:** _____ |
| | ) | |
| **BUC-EE'S, LTD,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### <u>JURY DEMAND</u>

COMES NOW the Plaintiff, by and through his undersigned counsel of record, and hereby

demands a trial by struck jury.

Respectfully Submitted,


<u>/s/ Brian A. Traywick</u>
**Brian A. Traywick**
**(TRA044)**

<u>**OF COUNSEL:**</u>
SHUNNARAH INJURY LAWYERS, P.C.
3626 Clairmont Avenue
Birmingham, AL 35222
(205) 203-4056
(205) 203-4057- Facsimile


<u>Plaintiff's Address:</u>
Jimmy L. Steward
c/o Brian A. Traywick
Shunnarah Injury Lawyers, P.C.
3626 Clairmont Avenue
Birmingham, AL 35222

ELECTRONICALLY FILED
10/19/2020 2:35 PM
05-CV-2020-901186.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY L. WISE, CLERK

# IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

| | |
|---|---|
| **JIMMY L. STEWARD,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )     **CASE NO.: _____** |
| | ) |
| **BUC-EE'S, LTD,** | ) |
| | ) |
| **Defendant.** | ) |

## PLAINTIFF'S INTERROGATORIES TO DEFENDANT BUC-EE'S

COMES NOW Plaintiff in the above-styled cause and, pursuant to the ALABAMA RULES OF CIVIL PROCEDURE, propounds to Defendant, Buc-ee's, the following interrogatories to be answered and responded to pursuant to Rule 33 of the ALABAMA RULES OF CIVIL PROCEDURE.

You are reminded that under the provision of Rule 26(e), you are under a duty to reasonably supplement your responses with respect to any question directly addressed to: (a.) the identity and location of persons having knowledge of discoverable matter and (b.) matters on which he/she is expected to testify and the substance of his/her testimony.

You are under a duty to reasonably amend a prior response if you obtain information upon the basis of which:  (a.) you know that the response was incorrect when made, or (b.) you know that the response, though correct when made, is no longer true and the circumstances are such that a failure to amend this response is, in substance, a knowing concealment.

## DEFINITIONS

Unless otherwise indicated, the following definitions shall be applicable to these interrogatories:

"You" or "Yours" shall mean the Defendant and each of its employees, agents or representatives and all other persons acting on its behalf.

"Person" shall mean any individual, partnership, firm association, corporation or other business, government or legal entity.

"Document" shall mean any written, recorded, transcribed, punched, taped, filmed or graphic matter of any kind or description, however produced or reproduced.

"Identify" or "Identification," when used with reference to a person, shall mean to state the full name, present or last known address, home and work telephone numbers and position of employment.

"Identify" or "Identification," when used with reference to a document, shall mean to state its date, author, signor, addressee and all other means of identifying it and its present or last known location or custodian.  If any document was, but is no longer in your possession, custody or control, state what disposition was made of it and the reason for its disposition.

"Incident" means the occurrence as alleged in the Plaintiff's Complaint as the Defendant's location.


### INTERROGATORIES


1.     Are you named correctly in the complaint?  If not, how should you be correctly designated in an action at law?

**RESPONSE:**


2.      Please identify by name and address the individual responsible for answering these interrogatories.

**RESPONSE:**


3.      Have you been advised that these interrogatories and the accompanying requests for production are required to be answered under oath?

**RESPONSE:**


4.      Please identify each expert that you plan on having testify at the trial of this cause, including any and all medical experts.  Additionally, please give a summary of the opinions which you expect each expert to testify at trial in compliance with Rule 26 and state in detail each and every fact upon which said expert reviewed prior to forming said opinions.

**RESPONSE:**


5.      Please identify who will serve as the representative of the Defendant at counsel table in the event this matter is tried before a finder of fact.

**RESPONSE:**

6.      Identify the insurance carrier and state the policy limits of each and every liability policy of insurance which will or may provide any coverage for this Defendant arising out of the incident made the basis of this lawsuit.

**RESPONSE:**

7.      For all documents withheld from identification and/or production based upon only theory of privilege or other objection to any of Plaintiff's discovery requests served in this lawsuit, describe said document with particularity (i.e. – give a description of the document, state when the document was generated and state the subject matter of the document).

**RESPONSE:**

8.      Who – whether and individual or business entity – owns the premises where said incident occurred?

**RESPONSE:**

9.      Does a third-party, other than named in the complaint or response to the previous question, operate, clean, care for, or maintain the premises where said incident occurred? If so, please name said third-party.

**RESPONSE:**

10.     Please state the most current information regarding the name, address and telephone number of every employee, including their job title/description, who worked on the date of incident per Plaintiff's complaint as the location in question.

**RESPONSE:**

11.     Please list and identify each employee of this Defendant who has knowledge, in any way, of the incident made the basis of this suit.

**RESPONSE:**

12.     Please identify each person – other than employees named above – who has knowledge concerning the facts surrounding the incident made the basis of this suit.

**RESPONSE:**

13.     Was the Defendant or any of the Defendant's employees ever made aware of the hazard alleged by the Plaintiff, including any reports made by other previous invitees? If so, please list the names of those employees who were aware, when they were made, and the basis of how they became aware of the hazard.

**RESPONSE:**

14.     Please state in detail your knowledge, as well as each and every employee's knowledge, concerning the presence of the alleged hazard which Plaintiff encountered, including how long it existed and how it got there.

**RESPONSE:**

15.     Please state in detail each and every fact known to you, or made known to you through third parties, concerning how the incident made the basis of this suit occurred and identify each said person.

**RESPONSE:**

16.     Please state precisely and descriptively the location on the premises where the event made the basis of this suit occurred.

**RESPONSE:**

17.     Please state whether you had any signs posted which warned of a potential hazard in the vicinity where Plaintiff was injured.

**RESPONSE:**

18.     If you contend that warning signs were posted, please state the substance and location of each sign.

**RESPONSE:**

19.     If you contend that Plaintiff was contributorily negligent in any manner whatsoever, please state each and every fact upon which you rely in support of said contention.

**RESPONSE:**

20.     If you contend that Plaintiff assumed the risk of said injuries, please state each and every fact upon which you rely in support of said contention.

**RESPONSE:**

21.     If you contend the hazard encountered by the Plaintiff was open and obvious, then please state each and every fact upon which you rely.

**RESPONSE:**

22.    Please state whether you have any policy, procedure or safety program instituted regarding maintaining a safe condition at the premises where Plaintiff was injured, including maintenance and monitoring of these areas where guests or invitees would navigate. If so, please state the substance of said policy, procedure or safety program.

**RESPONSE:**

23.    Please state if a video of the Plaintiff's alleged incident exists, *or ever existed*, and who has viewed said video as well as who possesses the video at this time.

**RESPONSE:**

24.    Please state if a photos of the area where the alleged incident occurred exist, *or ever existed*, and who has viewed said photos as well as who possesses the photos at this time.

**RESPONSE:**

25.    Please identify each person from which you have obtained a statement concerning the incident made the basis of this lawsuit.

**RESPONSE:**

26.     Please state whether a displaced substance and/or object was located where Plaintiff was injured, immediately prior to the incident made the basis of this lawsuit.

**RESPONSE:**

27.     If a displaced substance and/or object was located upon the floor, please state what steps, if any, you (or the Defendant's employees) took to clear the object/substance from the area and identify the individual responsible for performing the task.

**RESPONSE:**

28.     Please identify the object/substance and all you have learned about its origin or cause for being displaced in the hazardous area as alleged by Plaintiff.

**RESPONSE:**

Respectfully Submitted,

/s/ Brian A. Traywick
**J. ROSS MASSEY**
**(TRA044)**

**OF COUNSEL:**

SHUNNARAH INJURY LAWYERS, P.C.
3626 Clairmont Avenue
Birmingham, AL 35222
(205) 203-4056
(205) 203-4057- Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and forgoing pleading upon the Defendant as this document was served with the Summons and Complaint.

/s/ Brian A. Traywick
**Brian A. Traywick**
**(TRA044)**

ELECTRONICALLY FILED
10/19/2020 2:35 PM
05-CV-2020-901186.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY L. WISE, CLERK

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

| | |
|---|---|
| JIMMY L. STEWARD, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   CASE NO.: _____ |
| | ) |
| BUC-EE'S, LTD, | ) |
| | ) |
| **Defendant.** | ) |

### PLAINTIFF'S REQUESTS FOR
### PRODUCTION TO DEFENDANT BUC-EE'S

COMES NOW Plaintiff in the above-styled cause and pursuant to the ALABAMA RULES OF CIVIL PROCEDURE propounds to Defendant, Buc-ee's, the following requests for production to be answered and responded to within the next thirty (45) days.

You are reminded that under the provision of Rule 26(e), you are under a duty to reasonably supplement your responses with respect to any question directly addressed to: (a.) the identity and location of persons having knowledge of discoverable matter, and (b.) the identity of each person expected to be called as an expert witness at trial, the subject matter on which he/she is expected to testify, and the substance of his/her testimony.

You are under a duty to reasonably amend a prior response if you obtain information upon the basis of which: (a.) you know the response was incorrect when made, or (b.) you know that the response, though correct when made, is no longer true and the circumstances are such that a failure to amend this response is, in substance, a knowing concealment.

## DEFINITIONS

Unless otherwise indicated, the following definitions shall be applicable to these interrogatories:

"You" and "Yours" shall mean the defendant and each of its employees, agents, or representatives and all others acting on its behalf.

"Persons" shall mean any individual, partnership, firm association, corporation or other business, government or legal entity.

"Document" shall mean any written, recorded or transcribed, punched, taped, filmed or graphic matter of any kind or description, however produced or reproduced.

"Identify" or "Identification," when used with reference to a person, shall mean to state the full name, present or last known address, home and work telephone numbers and position of employment.

"Identify" or "Identification," when used with a reference to a document, shall mean to state its date, author, signor, addressee and all other means of identifying it and its present or last known location or custodian.  If any document was, but is no longer in your possession, custody or control, state what disposition was made of it and the reason for its disposition.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.      Please produce a complete and accurate copy of any and all accident and/or incident reports concerning the incident made the basis of this suit, in addition to any and all documentation of the events surrounding the incident made the basis of this suit.

**RESPONSE:**

2.      Please produce a complete and accurate copy of any security and/or surveillance video which captured and/or recorded the incident made the basis of this suit.

**RESPONSE:**

3.     Please produce a copy of any still color photographs which depict the area of the hazard and/or the incident made the basis of this suit.

**RESPONSE:**

4.     Please produce a copy of any still color photographs taken of Plaintiff at any time since the incident that is the basis of this suit.

**RESPONSE:**

5.     Please produce a complete and accurate copy of any policy, procedure or safety program in place at the time of the incident made the basis of this suit, regarding the maintenance of floors, walk-ways and shelving within Defendant's facility, including but not limited to Defendant's facility where the incident made the basis of this suit occurred, to ensure a safe condition.

**RESPONSE:**

6.     Please produce a complete and accurate copy of any and all documents, color photographs and/or videotapes that you intend to introduce into evidence at the trial of this case.

**RESPONSE:**

7.     Please produce a complete and accurate copy of the time sheets, punch cards or other method for accounting for your employees present and for their time worked on September 18th, 2020.

**RESPONSE:**

8.      Please produce a complete and accurate transcript of any statements obtained from Plaintiff.

**<u>RESPONSE:</u>**

9.      Please produce a complete and accurate transcript of any statements obtained by you, or on your behalf, concerning the subject litigation.

**<u>RESPONSE:</u>**

10.     Please produce a complete and accurate transcript of any correspondence between you and Plaintiff, or Plaintiff's representatives, occurring before Plaintiff filed this lawsuit.

**<u>RESPONSE:</u>**

11.     Please produce the entire file of any expert that you intend to call to testify at the trial of this case.

**<u>RESPONSE:</u>**

12.     Please produce a current *curriculum vitae* of any expert that you intend to call to testify at the trial of this case.

**<u>RESPONSE:</u>**

13.     Please produce a list of each litigation case in which your expert has rendered an opinion or given sworn testimony in the past five (5) years.

**RESPONSE:**


14.     Please produce a complete and accurate copy of any and all policies of insurance

which will or may provide coverage to this Defendant in the subject litigation.

**RESPONSE:**


15.     Please produce a copy of all records obtained regarding Plaintiff.  [You have a

continuing duty to supplement this request.  Additionally, please consider this a formal request for

all records obtained pursuant to Rule 45 of the ALABAMA RULES OF CIVIL PROCEDURE].

**RESPONSE:**



                                 Respectfully Submitted,


                                 /s/ Brian A. Traywick
                                 **Brian A. Traywick**
                                 **(TRA044)**


**OF COUNSEL:**
SHUNNARAH INJURY LAWYERS, P.C.
3626 Clairmont Avenue
Birmingham, AL 35222
(205) 203-4056
(205) 203-4057- Facsimile

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a copy of the above and forgoing pleading upon the Defendant as this document was served with the Summons and Complaint.


<u>/s/ Brian A. Traywick</u>
**Brian A. Traywick**
**(TRA044)**



AlaFile E-Notice

05-CV-2020-901186.00

To:   BRIAN ADAM TRAYWICK
      btraywick@asilpc.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

JIMMY L STEWARD V. BUC-EE'S, LTD.
05-CV-2020-901186.00

The following complaint was FILED on 10/19/2020 2:35:24 PM

Notice Date:     10/19/2020 2:35:24 PM

JODY L. WISE
CIRCUIT COURT CLERK
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
SUITE 10
BAY MINETTE, AL, 36507

251-937-9561
jody.wise@alacourt.gov





USPS CERTIFIED MAIL

9214 8901 7301 4105 2000 0753 13

*312 COURTHOUSE SQUARE*
*SUITE 10*
*BAY MINETTE, AL, 36507*

**05-CV-2020-901186.00**

To: BUC-EE'S, LTD.
CT CORPORATION SYSTEM
2 N JACKSON ST. STE 605
MONTGOMERY, AL 36104

# NOTICE OF ELECTRONIC FILING

**IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA**

**JIMMY L STEWARD V. BUC-EE'S, LTD.**
**05-CV-2020-901186.00**

The following complaint was FILED on 10/19/2020 2:35:24 PM

Notice Date: 10/19/2020 2:35:24 PM

**JODY L. WISE**
**CIRCUIT COURT CLERK**
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
SUITE 10
BAY MINETTE, AL 36507

251-937-9561
jody.wise@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | SUMMONS<br>- CIVIL - | Court Case Number<br>05-CV-2020-901186.00 |
| --- | --- | --- |

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA
### JIMMY L STEWARD V. BUC-EE'S, LTD.

**NOTICE TO:** BUC-EE'S, LTD., CT CORPORATION SYSTEM 2 N JACKSON ST. STE 605, MONTGOMERY, AL 36104
_____
*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
BRIAN ADAM TRAYWICK
_____,
*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 3626 CLAIRMONT AVE. S., BIRMINGHAM, AL 35222
_____.
*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of JIMMY L STEWARD
pursuant to the Alabama Rules of the Civil Procedure.                                            *[Name(s)]*

| 10/19/2020 | /s/ JODY L. WISE | By: |
| --- | --- | --- |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.      /s/ BRIAN ADAM TRAYWICK
                                            *(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.
                                                            *(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____
_____ in _____ County,
*(Name of Person Served)*          *(Name of County)*

Alabama on _____.
              *(Date)*

_____   _____   _____
*(Type of Process Server)*   *(Server's Signature)*          *(Address of Server)*

                      _____   _____
                      *(Server's Printed Name)*        *(Phone Number of Server)*