# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **JIMMY L. STEWARD,** | : | |
| **Plaintiff,** | : | |
| v. | : | CIV. ACT. NO. 1:20-cv-538-TFM-MU |
| **BUC-EE'S, LLC d/b/a BUC-EE'S** | : | |
| **Defendants.** | : | |

## ORDER

Pending before the Court is Plaintiff's *Motion to Substitute Correct Name for Defendant Buc-ee's, LTD and Leave to Amend Complaint*. Doc. 22, filed June 2, 2021. Plaintiff Jimmy L. Steward ("Plaintiff" or "Steward") requests the Court substitute Defendant Buc-ee's, LTD with Buc-ee's Alabama, LLC and grant Plaintiff's request for leave to amend his complaint. On June 4, 2021, this Court ordered Defendant to show cause why this motion should not be granted. Doc. 23. On June 14, 2021, Defendant filed a *Response to Court's Order* stating it has no objection to Plaintiff's motion. Doc. 24. Accordingly, the Court **GRANTS** Plaintiff's motion pursuant to Fed. R. Civ. P. 15(a)(2) as modified below.

Also before the Court is a jurisdictional issue brought to the Court's attention by Plaintiff's substitution of Defendant Buc-ee's, LTD with Buc-ee's Alabama, LLC which the Court did not notice when the case was originally removed. The Court now considers this issue *sua sponte*.

Federal courts have a strict duty to exercise jurisdiction conferred on them by Congress. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716, 116 S. Ct. 1712, 1720, 135 L.Ed.2d 1 (1996). However, federal courts are courts of limited jurisdiction and possess only that power authorized by Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114

S. Ct. 1673, 1675, 128 L.Ed.2d 391 (1994); *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (1994).

According to Defendant's *Notice of Removal* (Doc. 1), Defendant contends that this Court has jurisdiction pursuant to 28 U.S.C. § 1332. Defendant asserts that Steward is a citizen of the State of Alabama, whereas Buc-ee's is a Delaware corporation with its principal place of business in Texas. Accordingly, Defendant contends that Buc-ee's is a citizen of Texas for purposes of diversity jurisdiction. *Id*. at ¶¶ 6 - 7.

At present the allegations of Defendant's notice of removal are insufficient to clearly establish jurisdiction based upon diversity because it does not indicate the full citizenship of the parties who are limited liability companies. "[L]ike a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004); *see also Purchasing Power, LLC v. Blue Brands, Inc.* 851 F.3d 1218, 1220 (11th Cir. 2017) ("When determining citizenship of the parties for diversity jurisdiction purposes, a limited liability company (LLC) is a citizen of every state that any member is a citizen of. And it is common for an LLC to be a member of another LLC. Consequently, citizenship of LLCs often ends up looking like a factor tree that exponentially expands every time a member turns out to be another LLC, thereby restarting the process of identifying the members of that LLC."). The Amended Complaint proposed by Plaintiff does not provide further clarity on the issue.

In the case at hand, there is at least one LLC involved—Buc-ee's Alabama, LLC. In Defendant's notice of removal, Defendant merely states that Buc-ee's Alabama, LLC is a citizen of the state of Texas. *See* Doc. 1 at ¶ 7.

The parties are **DIRECTED** to confer to ensure this Court still has jurisdiction through

diversity jurisdiction. If they cannot agree, as federal jurisdictional was premised on removal, Defendant Buc-ee's Alabama, LLC must amend its notice of removal to reflect the citizenship(s) of each and every entity based on the nature of that entity. If the existing parties can agree on jurisdiction, then the matter can be remedied through the Amended Complaint. Plaintiff may include all the relevant jurisdictional information in his Amended Complaint. Further, the Amended Complaint must also clearly establish the citizenship of the remaining defendants – not a mere reference to foreign business corporation (proposed defendant Unifirst Corporation) or "licensed architect doing business in Texas" (proposed defendant Larry Levinson) as discussed in the current proposed amended complaint. It must affirmatively specify the <u>citizenship</u> of all parties, not just the general information it currently includes.

Plaintiff's amended complaint and, if necessary, Defendant's amended notice of removal must be filed no later than **June 30, 2021.**

**DONE** and **ORDERED** this the 15th day of June 2021.

 s/Terry F. Moorer<br>
TERRY F. MOORER<br>
UNITED STATES DISTRICT JUDGE