**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **JIMMY L. STEWARD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.  1:20-CV-00538-TFM-MU** |
| | ) | |
| **BUC-EE'S ALABAMA, LLC,** | ) | |
| **UNIFIRST CORPORATION,** | ) | |
| **LAWRENCE LEVINSON,** | ) | |
| **LAWRENCE LEVINSON AS AN** | ) | |
| **AGENT OF BUC-EE'S ALABAMA,** | ) | |
| **LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**<u>PLAINTIFF'S AMENDED COMPLAINT</u>**


1.     Plaintiff, Jimmy L. Seward (hereinafter referred to as "Plaintiff"), is an

individual over the age of nineteen (19) years and is a resident of Baldwin County,

State of Alabama.

2.     Defendant Buc-ee's Alabama, LLC (hereinafter referred to singularly as

"Defendant Buc-ee's," or together with other Defendants as "Defendants"), is a

Foreign Limited Liability Company formed in the State of Delaware and

headquartered in the State of Texas. All members of Defendant Buc-ee's Alabama

LLC are domiciled in the State of Texas.

3.    Defendant Unifirst Corporation (hereinafter referred to singularly as "Defendant Unifirst" or together with other Defendants as "Defendants"), is a Foreign Corporation formed and headquartered in the State of Massachusetts.

4.    Defendant Larry Levinson (hereinafter referred to singularly as "Defendant Levinson" or together with other Defendants as "Defendants"), is a licensed architect domiciled in the State of Texas.

5.    On or about the 16th day of September 2020, Plaintiff was a business invitee of Defendant Buc-ee's located at 20403 County Road 68, Robertsdale, Alabama 36567, and was there to purchase Barbecue sandwiches for himself and some of his family members.

6.    Defendant Unifirst was responsible for providing adequate matting for Defendant Buc-ee's floors to provide the necessary safety required to Buc-ee's customers.

7.    Defendant Buc-ee's relied on Defendant Levinson in both his professional capacity as a licensed architect and in his capacity as an agent of Buc-ee's to shop, purchase, and install safety flooring in its 204 County Road 68, Robertsdale, Alabama 36567 location.

8.    Defendant Buc-ee's has unsafe flooring installed and used by its invitees in its 204 County Road 68, Robertsdale, Alabama 36567 location.

9.     On this occasion, Defendants negligently and/or wantonly caused, permitted, allowed, or created a dangerous condition to exist on the premises in the form of unsafe flooring, and/or a combination of inadequate matting, water, other debris, and unsafe flooring. Defendant Buc-ee's had actual notice and/or had constructive notice of this condition and failed to exercise reasonable care to the maintenance of its premises, thereby negligently and/or wantonly failing to discover and remove this condition. Defendant Buc-ee's controlled, owned, and maintained the said premises.

10.     By failing to keep and maintain its premises free and clear of potentially hazardous conditions of which Defendants were aware or should have known through their inspection of the premises for said hazardous conditions, Plaintiff's slip and fall was the proximate consequence of the afore-described negligence and/or wantonness.

11.     Defendants had actual or constructive notice and/or were delinquent in not discovering and removing the hazardous condition, and were negligent and/or wanton in allowing or affirmatively creating a hazard by allowing the hazardous condition to remain in the area in question which was in the path of invitees of the Defendant Buc-ee's; further, Defendants were negligent and/or wanton in creating a hazardous condition in the path of invitees and did not provide adequate warning to Plaintiff.

12.     As a proximate and direct result of Defendants' wrongful conduct as specifically set forth hereinafter, Plaintiff has been injured and damaged as follows:

a.     Plaintiff suffered injuries to various portions of plaintiff's body including but not limited to his head, neck, and back;

b.     Plaintiff was caused and will be caused in the future to expend sums of money like doctor, hospital, drug any other medical expenses in and about an effort to heal and cure said injuries;

c.     Plaintiff has experienced and continues to experience pain and suffering and is reasonably certain to experience pain and suffering in the future;

d.     Plaintiff was temporarily and potentially permanently unable to pursue usual and normal activities;

e.     Plaintiff was caused to incur aggravation and/or exacerbation to then-existing conditions that Plaintiff either did or did not know of at the time of this incident;

f.     Plaintiff has experienced and continues to experience mental anguish;

g.     Plaintiff is reasonably certain to experience mental anguish in the future;

h.     Plaintiff was caused to incur out-of-pocket medical expenses; and

i.     Plaintiff was caused to suffer both past and future lost wages, loss of income, loss of earning capacity, and lost employment benefits;

j.     Plaintiff was caused to suffer a cracked skull, bleeding on the brain, multiple and daily seizures with permanent and traumatic brain damage.

## COUNT I – NEGLIGENCE DEFENDANT BUC-EE'S

13.     Plaintiff hereby re-alleges and re-avers all of the allegations contained in the preceding paragraphs of this Complaint the same as if here again set out in both letter and number.

14.     On or about the 16th day of September 2020, Plaintiff was an invitee of Defendant Buc-ee's located at 20403 County Road 68, Robertsdale, Alabama 36567, when Plaintiff suffered a fall due to unsafe floors, inadequate matting, and/or a combination of unsafe floors inadequate matting, other debris, and water.

15.     Defendant Buc-ee's negligently caused or allowed Plaintiff to be injured on their premises as they failed to keep and maintain its premises to be free and clear of potentially hazardous conditions. Defendant Buc-ee's had actual or constructive notice and/or were delinquent in not discovering and removing the hazardous condition and were negligent and/or wanton in affirmatively creating a hazard or not warning their invitees of the said hazardous condition that was situated in a dangerous area and/or location since it was located in an area that was regularly traveled by invitees. Further, Defendant Buc-ee's was negligent in failing to warn Plaintiff of this dangerous condition that existed on their premises that was a hazard to their invitees.

16.     As a proximate and direct result of Defendant Buc-ee's wrongful conduct as specifically set forth hereinafter, Plaintiff has been injured and damaged as follows:

a.      Plaintiff suffered injuries to various portions of plaintiff's body including but not limited to his head, neck, and back;

b.      Plaintiff was caused and will be caused in the future to expend sums of money like doctor, hospital, drug any other medical expenses in and about an effort to heal and cure said injuries;

c.      Plaintiff has experienced and continues to experience pain and suffering and is reasonably certain to experience pain and suffering in the future;

d.      Plaintiff was temporarily and potentially permanently unable to pursue usual and normal activities;

e.      Plaintiff was caused to incur aggravation and/or exacerbation to then-existing conditions that Plaintiff either did or did not know of at the time of this incident;

f.      Plaintiff has experienced and continues to experience mental anguish;

g.      Plaintiff is reasonably certain to experience mental anguish in the future;

h.      Plaintiff was caused to incur out-of-pocket medical expenses; and

i.      Plaintiff was caused to suffer both past and future lost wages, loss of income, loss of earning capacity, and lost employment benefits;

j.      Plaintiff was caused to suffer a permanent traumatic brain injury.

WHEREFORE, premises considered, Plaintiff respectfully demands judgment against Defendants, jointly and severally, for compensatory and punitive damages,

in an amount, including interest and the costs of this action, which Plaintiff seeks to recover, to be assessed by the trier of fact for all claims under this lawsuit.

## COUNT II – RECKLESSNESS AND WANTONNESS

## DEFENDANT BUC-EE'S

17.    Plaintiff hereby re-alleges and re-avers all of the allegations contained in the preceding paragraphs of this Complaint the same as if here again set out in both letter and number.

18.    On or about the 16th day of September 2020, Plaintiff was an invitee of Defendant Buc-ee's located at 20403 County Road 68, Robertsdale, Alabama 36567, when Plaintiff suffered a fall due to unsafe floors, inadequate matting, and/or a combination of unsafe floors inadequate matting, other debris, and water.

19.    Defendant Buc-ee's recklessly and/or wantonly caused or allowed Plaintiff to be injured at their establishment by failing to keep and maintain its premises in a manner to be free and clear of potentially hazardous conditions and to warn its invitees of the aforementioned conditions.

Defendant Buc-ee's had actual or constructive notice and/or were delinquent in not discovering and removing the hazardous condition and were wanton in creating a hazard of an unsafe floor, not providing adequate matting, and allowing debris and water to remain on the floor in the path of invitees of the store and were wanton in

affirmatively creating a hazard of allowing an unsafe floor, not providing adequate matting, and allowing debris and water to remain on a route regularly used by its invitees in a location that would likely lead to harm to its invitees due to the location of the hazard.

20.    Defendant Buc-ee's recklessly and/or wantonly caused or allowed the hazard at issue in this lawsuit to be placed or to remain in a regularly used area of travel in a location that was dangerous and likely to cause injury to its invitees, and did cause injury to Plaintiff.

21.    As a proximate and direct result of Defendants' wrongful conduct as specifically set forth hereinafter, Plaintiff has been injured and damaged as follows:

a.    Plaintiff suffered injuries to various portions of plaintiff's body including but not limited to his head, neck, and back;

b.    Plaintiff was caused and will be caused in the future to expend sums of money like doctor, hospital, drug any other medical expenses in and about an effort to heal and cure said injuries;

c.    Plaintiff has experienced and continues to experience pain and suffering and is reasonably certain to experience pain and suffering in the future;

d.    Plaintiff was temporarily and potentially permanently unable to pursue usual and normal activities;

e.     Plaintiff was caused to incur aggravation and/or exacerbation to then-existing conditions that Plaintiff either did or did not know of at the time of this incident;

f.     Plaintiff has experienced and continues to experience mental anguish;

g.     Plaintiff is reasonably certain to experience mental anguish in the future;

h.     Plaintiff was caused to incur out-of-pocket medical expenses; and

i.     Plaintiff was caused to suffer both past and future lost wages, loss of income, loss of earning capacity, and lost employment benefits;

j.     Plaintiff was caused to suffer a permanent traumatic brain injury.

WHEREFORE, premises considered, Plaintiff respectfully demands judgment against Defendants, jointly and severally, for compensatory and punitive damages, in an amount, including interest and the costs of this action, which Plaintiff seeks to recover, to be assessed by the trier of fact for all claims under this lawsuit.

## COUNT III – PREMISES LIABILITY DEFENDANT BUC-EE'S

22.    Plaintiff hereby re-alleges and re-avers all of the allegations contained in the preceding paragraphs of this Complaint the same as if here again set out in both letter and number.

23.    On or about the 16th day of September 2020, Plaintiff was an invitee of Defendant Buc-ee's located at 20403 County Road 68, Robertsdale, Alabama 36567, when Plaintiff suffered a fall due to unsafe floors, inadequate matting, and/or a combination of unsafe floors, inadequate matting, other debris, and water.

24.     Defendant Buc-ee's negligently, recklessly, and/or wantonly caused or allowed a hazard to remain in an area that was used by its invitees.

25.     At the aforesaid time and place, Defendant Buc-ee's were the owners or lessees of the property and as such had a duty and responsibility to provide Plaintiff a safe place as an invitee. Further, if any defects in their owned or leased premises existed, Defendant Buc-ee's had the duty to warn its invitees of hazards of which it knew or should have known that was not easily discoverable by the invitees. Defendant Buc-ee's negligently, wantonly, recklessly and/or willfully breached these duties by failing to provide Plaintiff with a safe place as in invitee and by failing to warn the Plaintiff of the hazard and/or defect which were encountered which was known to Defendant Buc-ee's or which Defendant Buc-ee's negligently failed to detect in their use, operation and maintenance of and upon the premises. Said negligent, wanton, reckless, and/or willful conduct was a proximate cause of Plaintiff's injuries and damages.

26.     Defendant Buc-ee's was the owner or lessee of the property at issue and, as such, Defendant Buc-ee's had the right to and did control the conditions, methods, and manner in which the premises was inspected, maintained, and configured. Defendant Buc-ee's also controlled the inspecting and maintaining of said invitee areas and Defendant Buc-ee's is also responsible for establishing patterns and routes for its invitees to walk and/or travel around and about the premises at the time and

place of the occurrence made the basis of Plaintiff's complaint. Defendant Buc-ee's negligently and/or wantonly caused or allowed Plaintiff to be injured as a result of the breach of the duties that the aforementioned Defendants owed to Plaintiff in causing or allowing the premises upon which Plaintiff was injured to be unreasonably hazardous or by ignoring the present hazard or creating the hazard by their process of organizing, cleaning, polishing, etc. Defendant Buc-ee's negligently, wantonly, recklessly, and/or willfully failed to properly control the conditions, methods, and manner in which the floor was maintained and presented to the invitees for their use in ambulating and/or traveling about the store as invitees moved about the premises and said negligent, wanton, reckless and/or willful conduct was a proximate cause of Plaintiff's injuries and damages.

27.    Plaintiff avers that Defendant Buc-ee's negligently, wantonly, recklessly, purposely, intentionally, willfully, or by design caused injury to Plaintiff. Defendant Buc-ee's negligently, wantonly, recklessly and/or willfully caused or allowed the hazardous condition to foreseeably remain in one of the main travel areas, and failed to remedy the hazardous situation and/or address the unreasonably dangerous area, and Defendant Buc-ee's had actual knowledge of the hazardous condition or said the hazardous condition had existed for such an unreasonable length of time to create a presumption of knowledge of such hazardous area on the part of Defendant Buc-ee's.

28.   At the aforesaid time and place, Defendant Buc-ee's did negligently, wantonly, and/or willfully cause or negligently, wantonly and/or willfully allow Plaintiff to be injured.

29.   Defendant Buc-ee's negligently, wantonly, and/or willfully failed to warn Plaintiff of the dangers associated with the potentially hazardous area to eliminate the possibility of said Plaintiff being injured, and said negligent, wanton, and/or willful conduct was a proximate cause of Plaintiff's injuries as described herein.

30.   Plaintiff alleges that the injuries and damages were caused as a proximate consequence of the negligent, willful, and/or wanton conduct and other wrongful conduct of Defendant Buc-ee's.

31.   The aforesaid wrongful, negligent, willful, and/or wanton conduct of each of the above-described Defendants combined and concurred, and as a proximate cause thereof, Plaintiff was caused to be severely injured.

32.   As a proximate and direct result of Defendants' wrongful conduct as specifically set forth hereinafter, Plaintiff has been injured and damaged as follows:

a.   Plaintiff suffered injuries to various portions of plaintiff's body including but not limited to his head, neck, and back;

b.   Plaintiff was caused and will be caused in the future to expend sums of money like doctor, hospital, drug any other medical expenses in and about an effort to heal and cure said injuries;

c.     Plaintiff has experienced and continues to experience pain and suffering and is reasonably certain to experience pain and suffering in the future;

d.     Plaintiff was temporarily and potentially permanently unable to pursue usual and normal activities;

e.     Plaintiff was caused to incur aggravation and/or exacerbation to then-existing conditions that Plaintiff either did or did not know of at the time of this incident;

f.     Plaintiff has experienced and continues to experience mental anguish;

g.     Plaintiff is reasonably certain to experience mental anguish in the future;

h.     Plaintiff was caused to incur out-of-pocket medical expenses; and

i.     Plaintiff was caused to suffer both past and future lost wages, loss of income, loss of earning capacity, and lost employment benefits;

j.     Plaintiff was caused to suffer a permanent traumatic brain injury.

WHEREFORE, premises considered, Plaintiff respectfully demands judgment against Defendants, jointly and severally, for compensatory and punitive damages, in an amount, including interest and the costs of this action, which Plaintiff seeks to recover, to be assessed by the trier of fact for all claims under this lawsuit.

## COUNT IV – NEGLIGENT, RECKLESS, AND WANTON SUPERVISION AND TRAINING BUC-EE'S

33.     Plaintiff hereby re-alleges and re-avers all of the allegations contained in the preceding paragraphs of this Complaint the same as if here again set out in both letter and number.

30.     On or about the 16th day of September 2020, Plaintiff was an invitee of Defendant Buc-ee's located at 20403 County Road 68, Robertsdale, Alabama 36567, when Plaintiff suffered a fall due to unsafe floors, inadequate matting, and/or a combination of unsafe floors, inadequate matting, other debris, and water.

31.     Defendant Buc-ee's was under an obligation and duty to train and supervise its employees to properly inspect the foreseeably accessible areas for their invitees so that there are no dangerous conditions that were not readily discoverable to their invitees.

32.     Defendant Buc-ee's negligently, wantonly, and recklessly failed to properly train employees to inspect and to keep the property and/or premises free and clear of dangerous conditions. Defendant Buc-ee's failure to properly train its employees directly resulted in Plaintiff's injuries as described herein.

33.     As a proximate and direct result of Defendant Buc-ee's wrongful conduct as specifically set forth hereinafter, Plaintiff has been injured and damaged as follows:

a.      Plaintiff suffered injuries to various portions of plaintiff's body including but not limited to his head, neck, and back;

b.      Plaintiff was caused and will be caused in the future to expend sums of money like doctor, hospital, drug any other medical expenses in and about an effort to heal and cure said injuries;

c.      Plaintiff has experienced and continues to experience pain and suffering and is reasonably certain to experience pain and suffering in the future;

d. Plaintiff was temporarily and potentially permanently unable to pursue usual and normal activities;

e.      Plaintiff was caused to incur aggravation and/or exacerbation to then-existing conditions that Plaintiff either did or did not know of at the time of this incident;

f.      Plaintiff has experienced and continues to experience mental anguish;

g.      Plaintiff is reasonably certain to experience mental anguish in the future;

h.      Plaintiff was caused to incur out-of-pocket medical expenses; and

i.      Plaintiff was caused to suffer both past and future lost wages, loss of income, loss of earning capacity, and lost employment benefits;

j.      Plaintiff was caused to suffer a permanent traumatic brain injury.

WHEREFORE, premises considered, Plaintiff respectfully demands judgment against Defendants, jointly and severally, for compensatory and punitive damages, in an amount, including interest and the costs of this action, which Plaintiff seeks to recover, to be assessed by the trier of fact for all claims under this lawsuit.

## <u>COUNT V – NEGLIGENCE DEFENDANT UNIFIRST</u>

34.    Plaintiff hereby re-alleges and re-avers all of the allegations contained in the preceding paragraphs of this Complaint the same as if here again set out in both letter and number.

35.    On or about the 16th day of September 2020, Plaintiff was an invitee of Defendant Buc-ee's located at 20403 County Road 68, Robertsdale, Alabama 36567, when Plaintiff suffered a fall due to unsafe floors, inadequate matting, and/or a combination of unsafe floors, inadequate matting, other debris, and water.

36.    Defendant Unifirst negligently caused or allowed Plaintiff to be injured by failing to provide adequate matting for the use of Defendant Buc-ee's to keep its invitees safe.

37.    Defendant Unifirst negligently caused or allowed Plaintiff to be injured by improperly instructing Defendant Buc-ee's on floor matt size and floor matt placement.

38.    As a proximate and direct result of Defendant Unifirst wrongful conduct as specifically set forth hereinafter, Plaintiff has been injured and damaged as follows:

a.    Plaintiff suffered injuries to various portions of plaintiff's body including but not limited to his head, neck, and back;

b.      Plaintiff was caused and will be caused in the future to expend sums of money like doctor, hospital, drug any other medical expenses in and about an effort to heal and cure said injuries;

c.      Plaintiff has experienced and continues to experience pain and suffering and is reasonably certain to experience pain and suffering in the future;

d.      Plaintiff was temporarily and potentially permanently unable to pursue usual and normal activities;

e.      Plaintiff was caused to incur aggravation and/or exacerbation to then-existing conditions that Plaintiff either did or did not know of at the time of this incident;

f.      Plaintiff has experienced and continues to experience mental anguish;

g.      Plaintiff is reasonably certain to experience mental anguish in the future;

h.      Plaintiff was caused to incur out-of-pocket medical expenses; and

i.      Plaintiff was caused to suffer both past and future lost wages, loss of income, loss of earning capacity, and lost employment benefits;

j.      Plaintiff was caused to suffer a permanent traumatic brain injury.

        WHEREFORE, premises considered, Plaintiff respectfully demands judgment against Defendants, jointly and severally, for compensatory and punitive damages, in an amount, including interest and the costs of this action, which Plaintiff seeks to recover, to be assessed by the trier of fact for all claims under this lawsuit.

## COUNT VI – NEGLIGENCE DEFENDANT LEVINSON, AS AN

## AGENT OF BUC-EE'S ALABAMA, LLC

39.     Plaintiff hereby re-alleges and re-avers all of the allegations contained in the preceding paragraphs of this Complaint the same as if here again set out in both letter and number.

40.     On or about the 16th day of September 2020, Plaintiff was an invitee of Defendant Buc-ee's located at 20403 County Road 68, Robertsdale, Alabama 36567, when Plaintiff suffered a fall due to unsafe floors, inadequate matting, and/or a combination of unsafe floors, inadequate matting, other debris, and water.

41.     Defendant Buc-ee's gave Defendant Levinson, as an agent of Buc-ee's Alabama, LLC, the authority to select, purchase, and install flooring at Defendant Buc-ee's 20403 County Road 68, Robertsdale, Alabama 36567 location.

42.     Defendant Levinson, as an agent of Buc-ee's Alabama, LLC, negligently caused or allowed Plaintiff to be injured by designing, selecting, purchasing, and installing unsafe floors in Defendant Buc-ee's 20403 County Road 68, Robertsdale, Alabama 36567 location.

43.     As a proximate and direct result of Defendant Levinson, as an agent of Buc-ee's Alabama, LLC, wrongful conduct as specifically set forth hereinafter, Plaintiff has been injured and damaged as follows:

a.      Plaintiff suffered injuries to various portions of plaintiff's body including but not limited to his head, neck, and back;

b.      Plaintiff was caused and will be caused in the future to expend sums of money like doctor, hospital, drug any other medical expenses in and about an effort to heal and cure said injuries;

c.      Plaintiff has experienced and continues to experience pain and suffering and is reasonably certain to experience pain and suffering in the future;

d.      Plaintiff was temporarily and potentially permanently unable to pursue usual and normal activities;

e.      Plaintiff was caused to incur aggravation and/or exacerbation to then-existing conditions that Plaintiff either did or did not know of at the time of this incident;

f.      Plaintiff has experienced and continues to experience mental anguish;

g.      Plaintiff is reasonably certain to experience mental anguish in the future;

h.      Plaintiff was caused to incur out-of-pocket medical expenses; and

i.      Plaintiff was caused to suffer both past and future lost wages, loss of income, loss of earning capacity, and lost employment benefits;

j.      Plaintiff was caused to suffer a permanent traumatic brain injury.

WHEREFORE, premises considered, Plaintiff respectfully demands judgment against Defendants, jointly and severally, for compensatory and punitive damages,

in an amount, including interest and the costs of this action, which Plaintiff seeks to recover, to be assessed by the trier of fact for all claims under this lawsuit.

## COUNT VII – PROFESSIONAL LIABILITY DEFENDANT LEVINSON

39. Plaintiff hereby re-alleges and re-avers all of the allegations contained in the preceding paragraphs of this Complaint the same as if here again set out in both letter and number.

44. On or about the 16th day of September 2020, Plaintiff was an invitee of Defendant Buc-ee's located at 20403 County Road 68, Robertsdale, Alabama 36567, when Plaintiff suffered a fall due to unsafe floors, inadequate matting, and/or a combination of unsafe floors, inadequate matting, other debris, and water.

45. Defendant Levinson is a licensed architect.

46. Defendant Levinson failed to act with reasonable care, failed to act with reasonable competence, and failed to apply the knowledge and skill which is ordinarily applied by architects of good standing, practicing in the same locality by designing, selecting, purchasing, and installing unsafe floors in Defendant Buc-ee's 20403 County Road 68, Robertsdale, Alabama 36567 location.

47. Defendant Levinson failed to take into account all applicable state and municipal building laws and regulations, specifically **Ala. Admin. Code r. 100-X-7-.01** by designing, selecting, purchasing, and installing unsafe floors in Defendant Buc-ee's 20403 County Road 68, Robertsdale, Alabama 36567 location.

48.    As a proximate and direct result of Defendant Levinson's wrongful professional conduct as specifically set forth hereinafter, Plaintiff has been injured and damaged as follows:

a.    Plaintiff suffered injuries to various portions of plaintiff's body including but not limited to his head, neck, and back;

b.    Plaintiff was caused and will be caused in the future to expend sums of money like doctor, hospital, drug any other medical expenses in and about an effort to heal and cure said injuries;

c.    Plaintiff has experienced and continues to experience pain and suffering and is reasonably certain to experience pain and suffering in the future;

d.    Plaintiff was temporarily and potentially permanently unable to pursue usual and normal activities;

e.    Plaintiff was caused to incur aggravation and/or exacerbation to then-existing conditions that Plaintiff either did or did not know of at the time of this incident;

f.    Plaintiff has experienced and continues to experience mental anguish;

g.    Plaintiff is reasonably certain to experience mental anguish in the future;

h.    Plaintiff was caused to incur out-of-pocket medical expenses; and

i.    Plaintiff was caused to suffer both past and future lost wages, loss of income, loss of earning capacity, and lost employment benefits;

j.    Plaintiff was caused to suffer a permanent traumatic brain injury.

WHEREFORE, premises considered, Plaintiff respectfully demands judgment against Defendants, jointly and severally, for compensatory and punitive damages, in an amount, including interest and the costs of this action, which Plaintiff seeks to recover, to be assessed by the trier of fact for all claims under this lawsuit.

Respectfully Submitted,

/s/ Brian A. Traywick
Brian A. Traywick
Bar Number: 6896O22L
Attorney for Jimmy Steward
SHUNNARAH TRIAL ATTORNEYS
3626 Clairmont Avenue South
Birmingham, Alabama 35222
Phone:     205-203-4056
Facsimile: 205-203-4057
Email: btraywick@asilpc.com

## NOTICE OF SERVICE

**Defendants shall be served with this Complaint by certified mail and or electronic delivery at the locations below:**

Buc-ee's, Ltd
c/o James Rebarchak
jrebarchak@joneswalker.com

Lawrence Levinson, as an agent of Buc-ee's Alabama, LLC
2009 Potomac Drive
Houston, Texas 77057

Lawrence Levinson
2009 Potomac Drive
Houston, Texas 77057

Unifirst Corporation
c/o Prentice Hall Corporation System Inc.
641 South Lawrence Street
Montgomery, Alabama 36104

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **JIMMY L. STEWARD,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **CASE NO.  1:20-CV-00538-TFM-MU** |
| | ) |
| **BUC-EE'S ALABAMA, LLC,** | ) |
| **UNIFIRST CORPORATION,** | ) |
| **LAWRENCE LEVISON,** | ) |
| **LAWRENCE LEVISON AS AN** | ) |
| **AGENT OF BUC-EE'S ALABAMA,** | ) |
| **LLC,** | ) |
| | ) |
| **Defendants.** | ) |

<u>**JURY DEMAND**</u>

     COMES NOW the Plaintiff, by and through his undersigned counsel of record, and hereby demands a trial by struck jury.

                    Respectfully Submitted,

                    <u>/s/ Brian A. Traywick</u>
                    Brian A. Traywick
                    Bar Number: 6896O22L
                    Attorney for Jimmy Steward
                    SHUNNARAH TRIAL ATTORNEYS
                    3626 Clairmont Avenue South
                    Birmingham, Alabama 35222
                    Phone:    205-203-4056
                    Facsimile: 205-203-4057
                    Email: btraywick@asilpc.com