# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **JIMMY L. STEWARD,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV. ACT. NO. 1:20-cv-538-TFM-MU |
| | ) | |
| **BUC-EE'S ALABAMA, LLC,** *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Pending before the court is a *Joint Stipulation for Pro Tanto Dismissal of Lawrence Levinson* (Doc. 70, filed 03/09/2023) in which the parties jointly agree to dismiss all claims against Defendant Lawrence Levinson without prejudice. The Rules of Civil Procedure permit a plaintiff to voluntarily dismiss the action without an order of the court "by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment" or "a stipulation signed by all parties who have appeared." FED. R. CIV. P. 41(a)(1)(A).

Here, the joint stipulation is signed by all parties. Consequently, by operation of Fed. R. Civ. P. 41(a)(1)(A)(ii),[1] all claims against Defendant Lawrence Levinson have been dismissed in

---

[1] The Court would also dismiss this action under Fed. R. Civ. P. 41(a)(2) to extent Rule. 41(a)(1) would not apply. A request to dismiss an action requires a court order and dismissal by terms the court considers "proper" if Rule 41(a)(1) does not apply. Fed. R. Civ. P. 41(a)(2). Rule 41(a)(1)(A) allows for. dismissal without a court order: (i) before the opposing party serves either an answer or a motion for summary judgment; or (ii) if the joint stipulation of dismissal is signed by all of the parties who have appeared. Not all of the parties who have appeared in this action have signed the stipulation of dismissal. Dismissal, thus, must be by motion. Fed. R. Civ. P. 41(a)(2). A plaintiff may dismiss all claims against a defendant under Rule 41 even if there are other defendants in the case. *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004) ("Rule 41 allows a plaintiff to dismiss all of his claims against a particular defendant . . . ."); *see also Plain Growers, Inc. ex rel. Florists' Mut. Ins. Co. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250, 254 (5th Cir. 1973) ("There is little merit in the argument that the court could not dismiss the action as to less than all. defendants upon motion [under (a)(2)] . . . ."); *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc)

accordance with the joint notice. This case remains pending against Defendants Buc-ee's Alabama, LLC and Unifirst Corporation.

**DONE** and **ORDERED** this 9th day of March, 2023.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE