UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JIMMY L. STEWARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIV. ACT. NO. 1:20-cv-538-TFM-MU |
| | ) |
| BUC-EE'S ALABAMA, LLC, et al. | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Now pending before the Court is *Defendant UniFirst Corporation's Motion for Reconsideration* (Doc. 122, filed 11/13/23). Having considered the motions, responses, replies, the evidentiary submissions, and oral arguments on the record, Defendant UniFirst Corporation's Motion for Reconsideration (Doc. 122) is construed as a supplemental motion for summary judgment which is **GRANTED**, as discussed below.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

The Court laid out an extensive factual and procedural background in its original memorandum opinion and order on the two summary judgment motions. *See* Doc. 119. Therefore, the Court will merely supplement with the matters that have occurred since that opinion or are of particular relevance to the reconsideration / supplemental summary judgment motion.

Plaintiff filed an Amended Complaint, naming as additional Defendants UniFirst and Larry Levinson, on July 7, 2021. Doc. 28. UniFirst filed its Answer to the Amended Complaint on August 6, 2021. Doc. 30. Plaintiff then filed a "corrected" Plaintiff's Amended Complaint on August 9, 2021, re-alleging its complaints against Buc-ee's and further alleging that "Defendant UniFirst was responsible for providing adequate matting for Defendant Buc-ee's floors to provide

the necessary safety required to Buc-ee's customers." Doc. 33 at 1-6. The corrected Amended Complaint adds a single claim against UniFirst for Negligence (Count V).

On May 4, 2023, UniFirst filed its Motion for Summary Judgment with supporting brief and evidentiary support which addresses Count V. Docs. 80, 81, 82. Plaintiff Steward filed Responses in Opposition to both motions on May 25, 2023. *See* Docs. 92, 93. On June 1, 2023, UniFirst filed its reply. Doc. 97. Thereinafter, UniFirst filed a Motion to Exclude Testimony of Jack Denver. Doc. 83. After a review of all the written pleadings, motions, responses, replies, and the relevant law, the Court issued an order granting UniFirst's Motion to Exclude Jack Denver. Doc. 112. The Court then issued its memorandum opinion and order denying UniFirst's summary judgment. Doc. 119.

On November 10, 2023, Defendant UniFirst filed the present Motion to Reconsider. Doc. 122. Plaintiff Steward filed a Response in Opposition on November 19, 2023. Doc. 139. Oral arguments were held at hearing on November 20, 2023, with the Court ruling from the bench granting UniFirst's motion with a written opinion to follow.[1] This is that opinion.

## II. STANDARD OF REVIEW

**A.   Motion for Reconsideration**

Federal Rule of Civil Procedure 54(b) governs motions for reconsideration and provides

---

[1] Buc-ee's also filed a motion to reconsider (Doc 124) which was heard at the same oral arguments hearing. The Court denied Buc-ee's motion also indicating that a written opinion would follow. Doc. 140. However, at the trial on December 4, 2023, the jury found in favor of Buc-ee's thereby negating the need for a written opinion. The Court does note that despite the various protestations made by Buc-ee's counsel in motion for reconsideration (including a section in all-caps) and the motion for judgment as a matter of law (manually highlighting portions), the jury took almost two days to deliberate and at one point announced that they were deadlocked – resulting in the Court giving the modified *Allen* charge. This clearly proved the Court's point that reasonable fact finders could disagree and that summary judgment and indeed judgment as a matter of law was inappropriate. The jury ultimately broke the deadlock and rendered a verdict in favor of Buc-ee's.

that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities." FED. R. CIV. P. 54(b).

A motion for reconsideration may not be used to supplement existing arguments, inject new arguments into the underlying motion, or to submit evidence previously available but not properly presented on the underlying motion. *Mays v. United States Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997). Further, reconsideration cannot "relitigate old matters." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (internal quotes omitted). Instead, "[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Gipson v. Mattox*, 511 F. Supp. 2d 1182, 1185 (S.D. Ala. 2007) (internal quotes omitted). The grant or denial of a motion to reconsider is left to the discretion of the trial court. *Chapman v. AI Transport*, 229 F.3d 1012, 1023-24 (11th Cir. 2000) (en banc).

Although Rule 54(b) does not explain what factors a court may consider when deciding a motion to reconsider brought pursuant to this rule, "the Eleventh Circuit has opined that Rule 54(b) is similar to Rule 60(b), and that the factors provided in Rule 60(b) may be applied to a Rule 54(b) motion to reconsider." *Berisha v. Stan, Inc.*, 461 F. Supp. 3d 1257, 1259 (S.D. Fla. 2020) (citing *Herman v. Hartford Life & Accident Ins. Co.*, 508 F. App'x 923, 927 n.1 (11th Cir. 2013)); *see also Maldonado v. Snead*, 168 F. App'x 373, 386-87 (11th Cir. 2006) (quoting *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993)) ("Although the district court reviewed Maldonado's motion under Rule 54(b) as a motion for reconsideration of a non-final order rather than under Rule 60(b) as a motion for relief from

judgment, '[w]e see no reason to apply a different standard when the party seeks reconsideration of a non-final order' than when the party seeks reconsideration of a final judgment.") (alteration in original).

Rule 60(b) provides a party, on motion, relief from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or,
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b)(1)-(6).

**B.     Summary Judgment**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual dispute alone is not enough to defeat a properly pled motion for summary judgment; only the existence of a genuine issue of material fact will preclude a grant of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). "[T]he substantive law will identify which facts are material." *Id*. at 248, 106 S. Ct. at 2510. At the summary judgment stage, the court does not "weigh the evidence and determine the truth of the matter," but solely "determine[s] whether there is a genuine issue for trial." *Id*. at 249, 106 S. Ct. at 2511. The "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [her] favor." *Tipton v. Bergrohr GMBH–Siegen,* 965 F.2d 994, 999 (11th Cir. 1992) (internal citations and quotations omitted). An issue is genuine if the

evidence is such that a reasonable jury could return a verdict for the non-moving party. *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996) (citing *Hairston v. Gainesville Sun Publ'g Co.*, 9 F.3d 913, 918 (11th Cir. 1993)). For factual issues to be considered genuine, they must have a real basis in the record. *Id.*

The party asking for summary judgment bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986)). The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-23, 106 S. Ct. at 2252. A party must support its assertion that there is no genuine issue of material fact by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). The admissibility of evidence is subject to the same standards and rules that govern admissibility of evidence at trial. *Clemons v. Dougherty County*, 684 F.2d 1365, 1369 n.5 (11th Cir. 1982) (citing *Pan-Islamic Trade Corp. v. Exxon Corp.*, 632 F.2d 539, 556 (5th Cir. 1980)).

"When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995) (internal quotations omitted)

(citing *Celotex*, 477 U.S. at 324, 106 S. Ct. at 2553). The court must view facts and draw all reasonable inferences in favor of the non-moving party. *Moore v. Reese*, 637 F.3d 1220, 1231 (11th Cir. 2011) (citing *Rosario v. Am. Corrective Counseling Servs., Inc.*, 506 F.3d 1039, 1043 (11th Cir. 2007)). However, to avoid summary judgment, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986) (citations omitted). Conclusory assertions, unsupported by specific facts, presented in affidavits opposing the motion for summary judgment are likely insufficient to defeat a proper motion for summary judgment. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S. Ct. 3177, 3188, 111 L. Ed. 2d 695 (1990).

### III.   DISCUSSION AND ANALYSIS

**A.   Original Motion for Summary Judgment**

The Court pulls most of this synopsis from the original opinion on summary judgment. Doc. 119 at 15-17. In its original motion for summary judgment, UniFirst alleged it was entitled to summary judgment because Plaintiff "testified that he does not even know why he sued UniFirst,"[2] and "no one (not Steward, his wife, or any of his numerous retained expert witness) have testified that the mat provided by UniFirst to Buc-ee's was unsafe, was defective, or was otherwise unsuitable for its intended purpose." Doc. 81 at 2-3. Therefore, according to UniFirst, Plaintiff couldn't prove the essential elements of his claims against UniFirst, warranting entry of a judgment in UniFirst's favor.

First, UniFirst noted that the Master Purchase Agreement ("MPA") between Buc-ee's and UniFirst explicitly states that Buc-ee's –not UniFirst – determined the "appropriateness" of the

---

[2] UniFirst failed to provide a citation to the alleged testimony of Plaintiff.

mat for "Buc-ee's specific needs or intended uses." Doc. 80-14 (MPA). Next, UniFirst argues that "UniFirst had no way of knowing what the condition of Buc-ee's premises would be when Steward visited, or what Buc-ee's would do to maintain its premises during periods of inclement weather." Doc. 82 at 17. The Court determined that even if UniFirst satisfactorily made a prima facie showing that it was not liable to the plaintiff, the burden then would shift to Plaintiff to provide evidence as to UniFirst's liability. Plaintiff asserted UniFirst's negligence contributed to his injury as his harm was foreseeable to UniFirst because (1) UniFirst should have known the industry standards provided by the National Floor and Safety Institute; and as such, (2) UniFirst should have known the mat provided Buc-ee's did not meet those standards.

The crux of UniFirst's initial summary judgement motion (Doc. 81) was that the plaintiff could not meet its prima facie burden; however, the Court found that the evidence proffered by both parties, viewed in light most favorable to the non-movant, satisfied Plaintiff's burden. Put bluntly, the arguments raised by UniFirst in its original motion for summary judgment centered on whether Buc-ee's owed a duty of defense or indemnification against claims against UniFirst based on the MPA between UniFirst and Buc-ee's. Unfortunately, that was not the question before the Court on the motion for summary judgment nor could the Court resolve the factual discrepancy as to which company is responsible for the sizing of the mats when it comes to Plaintiff's claims. Accordingly, UniFirst's initial motion for summary judgment was denied.

**B.    Motion for Reconsideration / Supplemental Motion for Summary Judgment**

On reconsideration, UniFirst asserts three grounds which it believes the Court "overlooked or underappreciated" in its initial denial of summary judgement. Doc. 122. It asserts: (1) that Richard Sebastian's deposition testimony is inadmissible evidence, precluding it from creating an issue of fact; (2) that UniFirst provided Buc-ee's, whose employees placed out mats when it rained,

with mats that were larger than the 3' x 5' one used by Buc-ee's on September 16, 2020; and (3) that UniFirst owed no duty to Plaintiff Steward. *Id.* at 1.

The Court notes that a motion for reconsideration may not be used to supplement or inject new arguments that were previously available but not properly presented on the underlying motion. *See Mays*, 122 F.3d 43, 46 (11th Cir. 1997). Therefore, on its face, the motion for reconsideration could have been denied. However, the third topic presents a question of law for determination based on undisputed facts. It was an issue the Court intially recognized could be an issue when reviewing the case on summary judgment, but because it was not explicitly raised by the Defendant, the Court could and would not address it *sua sponte*.

It is not the task of this Court to scour the record to find evidence in support of the parties' positions. *First Baptist Church of Lillian v. Church Mut. Ins. Co.,* 645 F. Supp. 3d 1288, 1298 n.6 (S.D. Ala. 2022). Simply stated, "[t]he Court cannot and will not make a party's summary judgment argument for it." *Id.* (quoting *July v. Bd. of Water and Sewer Comm'rs. of City of Mobile*, 2012 U.S. Dist. LEXIS 169199, at *23 n.10, 2012 WL 5966637, at *23 n.10 (S.D. Ala. Nov. 29, 2012)). UniFirst alleged it was entitled to summary judgment because Plaintiff "testified that he does not even know why he sued UniFirst," and no one testified that the mat provided by UniFirst to Buc-ee's was unsafe, was defective, or was otherwise unsuitable for its intended purpose. Doc. 81 at 2-3. However, UniFirst failed to provide a citation to the alleged testimony of plaintiff or pinpoint specific points in the record to support its position.

As noted above, the Court could have simply declined to address a matter raised for the first time in the motion for reconsideration. However, the Court also loathes wasting the jury's time on matters that it can readily resolve prior to trial. Therefore, pursuant the interest of justice, the Court exercises its discretion in addressing the merits of the argument by considering it as a

supplemental motion for summary judgment.[3]

As previously detailed, UniFirst's initial motion for summary judgment focused on Plaintiff's burden; however, the motion failed to specifically articulate the third argument made by UniFirst in the present motion for reconsideration – i.e., that UniFirst owed no duty to Plaintiff Steward. In the instant case, Buc-ee's was in exclusive control of its Robertsdale store at the time of Plaintiff's slip and fall. Under Alabama law, a customer entering a store is an invitee, and the storekeeper owes the customer a duty to exercise reasonable care to keep the premises in a reasonably safe condition. *Cox v. Western Supermarkets, Inc.*, 557 So. 2d 831 (Ala. 1989). On reconsideration, UniFirst finally explicitly argues that it owed no duty to the plaintiff and pursuant to the MPA agreement between Buc-ee's and UniFirst, a duty could not be transferred.

In response, Plaintiff argued that it was foreseeable that a person would be injured by Unifirst's failure to give recommendations and by Unifirst allowing Buc-ee's to decide on size and shapes of mats. However, Plaintiff could not reconcile how this potential duty could apply in the case at hand where, even if (for argument's sake) UniFirst made recommendations to Buc-ee's, Buc-ee's still maintained exclusive control of the premises, including mat choice and placement, at the time of Plaintiff's injury. The Court repeatedly raised this point at oral arguments and Plaintiff could not provide an answer.

"It is elementary that where there is no duty, there can be no negligence." *Rose v. Miller & Co.*, 432 So. 2d 1237, 1238-1239 (Ala. 1983); *see also Rosenthal v. JRHBW Realty, Inc.*, 303 So. 3d 1172, 1187 (Ala. 2020) (holding the existence of a duty is a strictly legal question to be

---

[3] "District courts 'enjoy broad discretion in deciding how best to manage the cases before them,' *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997), and that discretion extends to whether to consider untimely motions for summary judgment, *see Matia v. Carpet Transport, Inc.*, 888 F.2d 118, 119 (11th Cir. 1989)." *Enwonwu v. Fulton-Dekalb Hosp. Auth.*, 286 F. App'x 586, 595 (11th Cir. 2008).

determined by the court). Under the undisputed facts and circumstances of this case, the Court finds UniFirst owed no duty to the Plaintiff at the time of his injury.

Therefore, despite the tardiness of the Defendant in explicitly raising this issue, the Court finds that it would be an unnecessary waste of time and resources in sending this matter to the jury when the Court would clearly be required to render judgment as a matter of law on this question.[4] Therefore, summary judgment is granted and Defendant UniFirst is dismissed from this action.

### IV.   CONCLUSION

Based on the foregoing discussion and analysis, Defendant UniFirst's Motion to Reconsider (Doc. 122) is construed as a supplemental motion for summary judgment which is **GRANTED**.[5]

**DONE** and **ORDERED** this the 2nd day of January 2024.

                             s/Terry F. Moorer
                             TERRY F. MOORER
                             UNITED STATES DISTRICT JUDGE

---

[4] Because the third issue resolves the entire case against UniFirst, the Court need not address the other two issues raised in the motion.

[5] An amended judgment will be entered which incorporates along with the prior summary judgment opinion which did grant summary judgment as to some claims against Buc-ee's.